**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| SATISH DAT BEAST,<br><br>Plaintiff,<br>v.<br><br>SABRINA CARPENTER, *et al.*,<br><br>Defendants. | Case No. 3:26-cv-00237-ACP |

## ORDER OF DISMISSAL

On June 16, 2026, self-represented litigant Ronald Satish Emrit (Plaintiff)—using the pseudonym Satish Dat Beast—filed a complaint, a civil cover sheet, and an application to proceed without paying the filing fee.[1] On July 13, 2026, Plaintiff filed a Notice of Appeal in this case,[2] but a frivolous appeal does not automatically divest the district court of jurisdiction.[3] Here, Plaintiff identifies no appealable order or judgment, his arguments are wholly without merit,[4] and the Ninth Circuit Court of Appeals has a pre-filing review order against Plaintiff.[5] Therefore, the Court certifies that Plaintiff's appeal is frivolous and now screens the Complaint in accordance with 28 U.S.C. § 1915(e).

---

[1] Dockets 1–3.

[2] Docket 4.

[3] *Chuman v. Wright,* 960 F.2d 104, 105 (9th Cir. 1992).

[4] *Maisano v. United States,* 908 F.2d 408, 411 (9th Cir.1990) (stating that an appeal is frivolous if the results are obvious, or the arguments of error are "wholly without merit").

[5] *See In re: Ronald Emrit*, Case No. 15-80221 (9th Cir. 2016).

As in previous cases, Plaintiff has not alleged any legally recognized harms or injuries traceable to any particular Defendants' conduct that a court could possibly resolve, and his claims lack an arguable basis in law and fact.[6] Additionally, the Complaint lacks any basis upon which the Court can establish it has personal jurisdiction over the named Defendants or could be considered a proper venue for this action.[7] None of the alleged events took place in Alaska, and Plaintiff's jurisdictional statements are internally inconsistent.[8] For these reasons, the Court finds that this case must be dismissed.

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[9] of the hundreds of complaints Plaintiff has filed in federal courts across the country that have been dismissed as frivolous,[10] and that Plaintiff has

---

[6] *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

[7] *See, generally,* Fed. R. Civ. P. 12(b)(2) (federal district courts must have courts must have personal jurisdiction over the parties); 28 U.S.C. § 1391 (a civil action may be brought in a federal district court in which either the defendant resides or a substantial part of the events giving rise to the claim occurred).

[8] Docket 1 at 6 (stating that the US. District Courts for the District of New Jersey and the District of Connecticut should have jurisdiction over this case); *see also* Docket 4 at 2 (purporting to appeal this case to the Tenth Circuit Court of Appeals).

[9] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[10] *See, e.g., Emrit v. Musk,* Case No. 1:25-CV-00008-SNLJ, 2025 WL 2480901, at *1 (E.D. Mo. 2025) ("A search of his name in the federal judiciary's Public Access to Court Electronic Records (PACER) produces a list of 607 district court cases and 392 appeals."); *Emrit v. Prince George's Cnty. Police Dep't*, No. CV 25-249, 2025 WL

been deemed a "vexatious litigant" in numerous district courts.[11] A search of Plaintiff's name in the federal judiciary's Public Access to Court Electronic Records (PACER) on March 19, 2026, produced 1211 results.[12]

The Court has previously "cautioned that the continued filing of claims in the District of Alaska that Plaintiff knows, or should know, will be dismissed may result in the entry of a vexatious litigant order by this Court requiring prescreening of Plaintiff's filings in this forum."[13] Although the Court declines to enter a vexatious litigant order at this time, the Court notes that Plaintiff currently has at least one other case pending before the Court, in which Plaintiff filed a frivolous interlocutory appeal.[14] The Court has not yet screened or otherwise reviewed the merits of Plaintiff's claims in that case. However, based on the identity of the named defendants and Plaintiff's prior litigation history, Plaintiff is cautioned that upon screening, the Court will consider whether to impose prefiling restrictions against

---

2345179, at *2 (W.D. Pa. Aug. 13, 2025) (recounting "Plaintiff's proclivity for initiating frivolous and vexations litigations on various topics in multiple U.S. District Courts throughout the country").

[11] *See e.g. Presidential Candidate P60005535 v. Burnett et al.,* 2025 WL 3141495, at *1 (S.D. Cal. Nov. 10, 2025) (following other courts in finding that Emrit "is a classic example of a litigant who abuses the privilege of proceeding IFP" and characterizing his complaint as "incoherent").

[12] *Emrit v. Kardashian, et al.,* Case No. Case No. 3:25-cv-00357-SLG, Docket 8 at 2.

[13] *Emrit v. United States Patent and Trademark Office, et al.,* Case No. 3:25-cv-00187-SLG, Docket 4 at 5.

[14] *See Emrit v. Obama, et al.,* Case No. 3:26-cv-00110-TMB, Docket 5. *See also id.,* Docket 7 (Ninth Circuit order dismissing appeal pursuant to the pre-filing review order and for lack of jurisdiction).

Plaintiff. If Plaintiff does not wish to proceed under the risk of such restrictions, he may file a notice of voluntary dismissal in that case. Plaintiff must cease filing of frivolous, duplicative, or otherwise improper actions.

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED with prejudice**.

2. All pending motions are **DENIED as moot**.

3. The Court certifies that Plaintiff's interlocutory appeal at Docket 4 is frivolous and that any appeal from this disposition would not be taken in good faith.[15]

4. The Clerk of Court shall issue a final judgment and notify the Ninth Circuit Court of Appeals of the entry of this order.

5. With this order, the Clerk shall send Plaintiff a copy of form PS09, Notice of Voluntary Dismissal to Plaintiff.

DATED this 20th day of August, 2026, at Anchorage, Alaska.

*/s/ Aaron Christian Peterson*
AARON CHRISTIAN PETERSON
UNITED STATES DISTRICT JUDGE

---

[15] Fed. R. App. P. 24(a)(3); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.").